Are we waiting for? We're waiting for you to start. Go ahead. Oh, okay. Thank you. Good morning, Your Honors. Elisa Sawano-Peterson for Mr. Romero-Rodriguez. And I first want to bring to the Court's attention that U.S. v. Mendoza-Morales does state that jail time that is part of a condition of probation should be considered to be a sentence of imprisonment for criminal history calculation purposes. However, there's several problems with that case. First of all, Mendoza-Morales conflicts with a later decision of this Court, the U.S. v. Gonzalez case, which states that criminal history points can never be assessed for a totally suspended sentence under 4A.1.1a and b. But you had a partially suspended sentence here, not a totally suspended sentence, so isn't that distinguishable? That's not our position, and the reason is the federal courts can, of course, recharacterize California offenses. All right. Right now, are you specifically talking about the 1999 conviction and the 2005 conviction? Yes, I believe so. Yes, the ones that were suspended, I'm sorry. Okay, so we're on that one right now. Yes, sorry. Right. And as far as those suspended cases are concerned, there was some jail time that was imposed. However, the whole point is that although the federal courts can interpret California law, in this case, we have a situation where the California courts actually never imposed a sentence because in California they place a person on probation, and they actually either totally suspend sentence, they suspend imposition of a sentence, or they suspend execution of a sentence. But isn't the problem with respect to those two convictions that in those cases Romero actually served time? He actually spent time in jail. He served jail time as a condition of probation. And that jail time satisfied the regulations for assessing two points. Well, that's what Mendoza-Morales appears to say. You seem to be arguing that incarceration is different whether it's straight up or whether it's part of a probation sentence. It's sort of like maybe you're arguing it's like a martini. If it's straight up or on the rocks, it's a different drink. But really, isn't incarceration incarceration no matter how you want to quantify it? Not exactly. I think the argument is, you know, how far can the federal courts go to recharacterize what the State courts are doing? Because in California, probation is not a sentence. Basically, they said we are suspending, totally suspending imposition of a sentence. We are doing this condition under probation. Well, that means you don't go to jail right now. But Mendoza-Morales says that incarceration as a condition of probation is treated in the same way as ordinary incarceration. Right. But also, U.S. v. Gonzales says you can't assess any history points for a one-point, point 1A or B. And in some circumstances, you can do it under C. But it's vague as to whether, you know, this would be even included under C. At the most, you'd have one point under C. But Gonzales says you can't assess any criminal history points under A or B. So, you know, it's ambiguous as to, you know, what the situation is, you know, after Gonzales. And like I said, I think there is a big difference between recharacterizing State court offenses and disregarding the fact that the State court said this, we are not sentencing the defendant yet. There was no sentence imposed. And I think that, you know, there is a difference because of that, that there just was nothing imposed. And under the guidelines, a prior sentence is a sentence that was previously imposed. So what was the jail time that he served in this case if it wasn't part of the sentence? It was just a condition of probation. And when he hadn't been sentenced yet. Isn't a condition of probation a part of the sentence? Not in California. In California, probation is not a sentence. They place a person on probation and they may never sentence him or they may sentence him later. But it's just not considered a sentence. It's considered the suspension of a sentence. Well, it's part of the sentence. That's what you're saying, that the jail time may be delayed, but it's still part of the sentence that the judge issues. That's not how I read it. You know, when you look at what the definition of probation is in California. They're reading it wrong. Well, anyway, that's our position. Let's go on to the next one. Okay. And the other issue is about the dismiss case. In that case, there was a criminal history point assessed because the case was pending. That's the 208 state charge. Yeah, and it was. That was dismissed because of a speeding trial act violation. Exactly. But, you know, at the time, at the time that PSR, you know, was prepared, it was still pending. So they assessed a criminal history point as a pending, you know. And that was accurate at that time. It later proved. It was, right. It was. It later proved wrong because although he pled no contest and was found guilty, that was vacated for the reasons. Right. So the question is, first of all, with pending, like how long, what happens when a pending case is no longer pending and it's dismissed? And also. So let's assume that the one point was incorrect. Right. It doesn't change the offense level. It doesn't change the criminal history category. It doesn't change the guideline range of 46 to 57 months. What's the prejudice? Your client was sentenced at the lowest end of that guideline range. Was there prejudice to your client? Well, there would be prejudice if you take all the points together. But what if you just talk about the one point? The one point. You would concede it made no difference. Right. But only if it's all taken together, it makes a difference. And as far as ineffective assistance, I just want to submit on that issue, and I'd like to reserve the rest of my time unless there's any questions. Well, do you think, I mean, you know, it's always interesting to me when we get to this thing where if we took one point, we're still in the same sentencing range and the judge sentenced at the lower end, but do you think that you don't think there's any possibility that Judge Phillips would say, well, maybe I should go below the guidelines in this case concerning the 3553 factors and how he didn't actually suffer that conviction because the case was dismissed? Actually, you know, that's true. I mean, after Booker, it could make a difference because even if it doesn't change, you know, the calculation. I always wonder what I would do if I were a district court judge in that situation, if I would keep it the same or whether somehow the equities would be different. You know, I mean, I'm just suggesting it wouldn't be too quick. But in this case, the district judge did review the 3553 factors of the time of sentencing, did he not, and made a decision not to vary below that guideline range? Well, I think it's, you know. So the question really boils down to does this single point, do we remand? Yeah. Or do we say it doesn't make any difference? Well, I think that especially now that, you know, things are discretionary, that it could make a difference. We just don't know. It's up to the district court judge to decide that would be my position. Or one might argue it was harmless error. It's hard to say without, I mean, to know what the district court will do. And I'd like to reserve the rest of the time. You know what we're going to ask. Good morning. May it please the Court. I'm Tony Rafael on behalf of the United States. Your Honor, I just want to follow up with regard to the 2008 conviction. Granted, and as defense counsel concedes, the one point would not make a difference in the criminal history category. But I think it's important to remember, this is plain error review with regard to that one point. And to send the case back on remand to Judge Phillips would essentially be telling Judge Phillips, you plainly erred. You made an obvious mistake. Now, Judge Kaczynski said in turn, we expect our district judges to be knowledgeable. We don't expect them to be clairvoyant. Well, this is an interesting problem, because at the time of sentencing, she was correct to count that as a conviction. And, Your Honor, there's another issue here, which I think is also important from the standpoint of fairness. Now, I know defense counsel in her papers sort of equates the speedy trial violation or dismissal in this case with a constitutional violation. But it's not quite clear that this is what happened here. And that's why it's important that if this needs to be pursued, it has to be through a habeas 2255. And here's why. When you look at the PSR at paragraph 16, you'll notice that on February 19th of 2008, the defendant pled guilty in this case. What's the next entry? April 15th, 2008. What happens? Bench warrant issues. What do we want to know next in this case? If you go to paragraph 32 of the PSR, we know that on October 1st, 2008, the defendant was arrested in Oregon on a fugitive warrant from California. There's a strong indication that the defendant skipped on his sentencing. This is why he wasn't sentenced. And to suggest that he should benefit from that, this is, at a minimum, a reason for to allow this Court not to remand this case to Judge Phillips on plain error review to the extent the defendant wants to pursue this one point, it should be done by way of a habeas, so we can look into all these issues. Why was this case really dismissed? Well, without going, and I certainly understand the inference. I noted it myself in my notes. But the fact of the matter is the conviction was vacated, and that point should not now be assessed. And so the question is, for whatever reason why it was vacated, what do we do about that? Because the point that I would make, Your Honor, it would have to be based on constitutional grounds. And that would be the question is, was it vacated based on constitutional grounds, on some constitutional violation? Well, this is not the Carroll case, right? Carroll involved constitutional grounds, which we don't have in this case, one might  Do you agree with that? That's true, Your Honor. Well, how was it that the Speedy Trial Act wasn't followed here? What happened, Your Honor, under California law, there's a provision that says if a defendant is sitting in Federal custody and he's facing sentencing on the State side, he can make a demand to be sentenced within 90 days. And if he's not brought before a Superior Court judge within 90 days, then the case would be dismissed on speedy trial violations. What happened in this case? He's arrested in Oregon on a fugitive warrant from his 2008 conviction. He's brought back October 15th of 2008. The records, the PSR shows that he's back in CDC custody. And then in November of 2008, the Superior Court realizes, hey, this defendant has not been sentenced. So they set a hearing date for him to be sentenced, December 8th, 2008. Meanwhile, part of the Immigration and Customs sort of routine inspections, they determine, hey, we have an alien who is essentially subject to 1326 prosecution. So he's brought in Federal court. And when he's brought in Federal court on this case, and the prosecution proceeds on this case, Meanwhile, a year later, the State court, on the motion of the District Attorney, dismisses the State case based on this speedy trial violation because he was not sentenced within 90 days. But it's important to also note, as the papers that were filed by defense counsel show, Well, these periods when he's in Federal custody, they're counted for the 90 days? That's correct, Your Honor. If a defendant isn't, I'm sorry. Or how do you know that the DA said, well, the Fed's got him now. Why should we waste time with him? That is exactly my point, Your Honor. Because if you look at the minute order from when the Superior Court just dismissed the case, it says something along the lines of, on the motion of the DA, we dismiss the case. Defendant is in Federal custody until 2012. So clearly there is an inference there, too, that the locals finding that the defendant is now going to be spending a lot of time or some time in Federal prison said, forget it. We're going to dismiss this case. We're not going to bring him back. Again, another reason why we should, to the extent they want to pursue the one point, it should be done through a habeas. You know, you get so excited over one point. What if there were three points? What would you be doing? I mean, it would be scary to, you know. Well, this fact situation appeared in the Cox case from the Second Circuit, right? You know the Cox case from the Second Circuit? They remanded for resentencing, and they discussed it in the context of whether there was harmless error or not. Do you have a position here if we find that the one point should not have been assessed and that it ought to go back for the judge to reconsider or, flip side, doesn't make much difference? One point, as my colleague said, not much there. What should we do? I think, Your Honor, in this case it would be harmless error. As Your Honor noted, Judge Phillips did go to great lengths to consider the 3553A factors. The defendant, through his counsel, submitted a lot of information, letters about his background, his upbringing, his family, why he came into the United States. All that were factors that Judge Phillips took into consideration. If this case were to go back to Judge Phillips, would the one point not be assigned, Judge Phillips would have the same information, but she would also have information as to why that one point was not assigned. Perhaps because the defendant was F. Sconnell. And I think that got creepy. I'm sorry, Your Honor. That was before her, right, in the PSR, when she sentenced? That is true, Your Honor. At least just the plain information in the PSR. In paragraph 16, all it says is bench warrant issued in April of 2008. He had pled guilty in February of 2008. And then in October of 2008, the bench warrant was recalled. Yeah, we did not have any transcripts, for example, from the hearings when those bench warrants were issued, which would be sort of. I'm sorry. It also says in paragraph 32, according to Oregon criminal records, Rodriguez was arrested on October 1, 2008, by the Jackson County Oregon Sheriff's Department for being a fugitive from another state. And then he was extradited to California and returned to state prison. Wasn't that for the same conviction? That is correct, Your Honor. That was, that information was before Judge Phillips. Same dates as in paragraph 16. That's correct. And there's also, as the Court noted in Guthrie, in remanding, that was on a 2255 that was combined with a direct appeal, that the district court could also take the conduct, the underlying, even though that conviction was vacated by the State, the district court could still take that conduct in sentencing the defendant or in upward departing in his sentence. So in this case, it would be harmless error. One, the defendant would still be in the same category of criminal history category, and two, the 3553A factors were considered, and the conduct would still be before Judge Phillips. I think that, yeah, I think the point is that the dismissal wouldn't be before her, but she would have in front of her all the same conduct and the facts surrounding his, the fact that he had this conviction, that it was dismissed because he wasn't sentenced in time. That's correct. And one of the comments I believe that Judge Phillips made at the time of sentencing, one of the issues that was sort of discussed, whether provided by prior government counsel, is that in this case, the defendant had three felonies, all drug trafficking felonies. And this third one, the 2008, was also a drug trafficking felony. This was not sort of a simple misdemeanor, not a serious crime. It was a felony, his third felony, drug trafficking felony. I guess I have just one other question. Your opposing counsel relies very heavily on the Gonzales case for the 1999 and 2005 convictions. What's your response to that? Your Honor, Gonzales is consistent with Mendoza Morales. In Gonzales, we had a defendant who was sentenced, who had a conviction under Washington state law, and he got a sentence of 30 days for driving with a suspended license. The entire 30 days was suspended. There's no information whatsoever that he was placed on probation. In fact, the court in Gonzales never addressed that. There was no information. The record is silent that he was placed on probation. This is not what we have here. We have something more like Mendoza Morales. He was placed on probation. And the court in Kip, also another case that we cited, states that a custodial sentence has no probation. I'm sorry. A noncustodial sentence. I'm sorry. A totally suspended sentence has no custodial component or supervisory component. That's not what we have here. We have a supervisory component as to each case. And incarceration. And incarceration. Actual jail time that he, in fact, had served. Okay. Your Honor, I know defense counsel did not address the, at least in oral argument today, the third point with regard to an effective assistance of counsel. Unless the panel has any questions, we simply submit on our papers. Okay. Thank you. I basically just want to say briefly that we discussed a lot of collateral matters. And it doesn't really matter what the defendant's intentions were or were not, et cetera. The whole point was that this case was, this prior conviction was dismissed and invalidated. So that's what the court should look at. We got it. Thank you. This matter is submitted.
judges: Zouhary, Pregerson, Wardlaw